UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deena Ullom, et al., | ) | CASE NO: 1:19CV347 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER AND DECISION** |
| Erie Insurance Company, | ) | |
| | ) | (Resolving Doc. 4) |
| Defendant. | ) | |

Pending before the Court is a motion to dismiss filed by Plaintiffs Deena and Thomas Ullom. Doc. 4. Plaintiffs seek to dismiss their complaint without prejudice. Defendant Erie Insurance Company has opposed the motion, and Plaintiffs have replied. The motion is GRANTED.

Initially, the Court notes that Plaintiffs have sought to dismiss their complaint pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiffs filed their motion on February 22, 2019, the day after Erie filed its counterclaim in this matter. While the parties have referenced the counterclaim in their filings, there is no pending motion to dismiss the counterclaim. Accordingly, the Court does not address the counterclaim under any motion to dismiss standard.

However, a brief background of this matter is necessary to explain the parties' pleadings. Plaintiffs filed this matter against Erie alleging a single count of bad faith. The complaint was filed in the Cuyahoga County Court of Common Pleas on January 22, 2019 at 2:37 p.m. Twenty-nine minutes later, at 3:06 p.m., Plaintiffs filed a separate

lawsuit against Edward and Sharon Agoston. There is no dispute that the underlying transaction between Plaintiffs and the Agostons is what also gave rise to the bad faith claim against Erie.

On February 15, 2019, Erie removed this case. On February 20, 2019, Plaintiffs amended their state court complaint against the Agostons to add a bad faith claim against Erie. On February 21, 2019, Erie filed its counterclaim in this action seeking a declaratory judgment. With that background set forth, the Court hereby orders as follows.

Plaintiffs' motion to dismiss their complaint without prejudice is GRANTED. Contrary to Erie's contentions, it will suffer no prejudice from the dismissal of the complaint. No discovery has occurred in this matter and little expense has been occurred to date.

However, left unresolved is whether this Court should simply proceed at this time to adjudicate Erie's counterclaim. The Court declines to do so.

In *Colorado River*, the Supreme Court declared that, in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). "[T]he consideration that was paramount in Colorado River itself [was] the danger of piecemeal litigation." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

Herein, the Court need not opine on whether the addition of Erie to the state court litigation resulted from forum-shopping. Rather, the state court can make that determination while considering the benefits of avoiding piecemeal litigation.[1] In the interim, this matter is hereby PERPETUALLY STAYED and ADMINISTRATIVELY CLOSED. If Erie is dismissed from the state court litigation or if the state court declines to resolve the issue of bad faith, this matter may be reopened upon proper motion.

IT IS SO ORDERED.


April 18, 2019 /s/ *Judge John R. Adams*
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

---

[1] Nothing prevents Erie from asserting its arguments regarding the cost of discovery directly with the state court through a motion to dismiss.